UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAN FRANCISCO CHRONICLE, PUBLIC CORRUPTION CENTER, and SEAVON PIERCE,<br><br>Petitioners,<br><br>v.<br><br>JEFFREY BEARD, C.D.C.R. Director of Corrections; ROBERT A. BARTON, Inspector General; FEDERAL JUDICAL COMMISSION; and CALIFORNIA PRISON OVERSIGHT COMMITTEE,<br><br>Respondents. | No. 1:16-cv-00496-LJO-SKO  HC<br><br>**FINDINGS AND RECOMMENDATION THAT THE COURT DISMISS THE PETITION TO COMPEL FOR LACK OF JURISDICTION AND FAILURE TO ALLEGE A COGNIZABLE CLAIM** |

Petitioner Seavon Pierce ("Pierce") is a state prisoner proceeding *pro se* with a petition to compel pursuant to 28 U.S.C. § 1361.[1]  Pierce alleges that the California Department of Corrections ("CDCR") is illegally confiscating Pierce's mail and depriving him and Petitioners San Francisco Chronicle and Public Corruption Center of freedom of speech and communication between themselves in violation of the First Amendment to the U.S. Constitution.  In particular, Pierce alleges that Respondents, Jeffrey Beard, Director of the California Department of Corrections and Rehabilitation (CDCR); Robert A. Barton, Inspector General; Federal Judicial Commission; and California Prison Oversight Commission, are precluding communication

---

[1] Pierce names the San Francisco Chronicle and the Public Corruption Section as additional petitioners.  The petition includes nothing to suggest that the additional petitioners have any knowledge of the petition.

1

regarding *Pierce v. Gonzales* (1:10-cv-00285-JLT), which was dismissed by this Court on December 3, 2012, for failure to state a claim.[2]

## I. No Subject Matter Jurisdiction for Petition

"The district courts shall have the original jurisdiction of any action in the nature of mandamus to compel an officer or an employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Section 1361 does not give the Court jurisdiction to compel *state* officers, employees, or agencies to perform any of the requested actions set forth in the above-captioned petition. *See Newton v. Poindexter*, 578 F.Supp. 277, 279 (E.D.Cal. 1984) (dismissing claims under § 1361 where the defendant was an officer or employee of the State of California, not of the United States). This means that the Court has no jurisdiction under § 1361 to address the merits of Pierce's petition to compel action by three of the four named Respondents, CDCR Secretary Jeffrey Beard, Inspector General Robert A. Barton, or the California Prison Oversight Committee, since these Respondents are state officers, employees, or agencies.

## II. Respondent Federal Judicial Commission

Disposition of the claims with regard to the "Federal Judicial Commission" is less clear. Because Pierce does not identify this Respondent except for providing its address, "State Capitol, 1st Floor, Sacramento, California 95814," its nature and function are unclear. No specific information is available in the public domain for an entity named Federal Judicial Commission and located anywhere in Sacramento, California. The title of the alleged agency suggests that it is a federal entity, but its address suggests that it is a state entity of some type. To the extent that

///

---

[2] Petitioner appealed the dismissal to the U.S. Court of Appeals for the Ninth Circuit. *Pierce v. Gonzales* (No. 13-15114). On March 28, 2013, the Ninth Circuit deemed the appeal "frivolous" and directed Petitioner to submit the $455.00 filing fee if he nonetheless wanted to proceed. On May 7, 2013, the Ninth Circuit dismissed the appeal for failure to pay the filing fee.

this Respondent is a state entity, the Court has no subject matter jurisdiction over it. 28 U.S.C. § 1361.

The Court need not address this jurisdictional issue, however. Because the petition includes no specific mention of the Federal Judicial Commission and makes no specific allegations against it, the Court should dismiss the petition as to the Federal Judicial Commission for failure to state a cognizable claim.

### III.     Conclusion and Recommendation

The undersigned RECOMMENDS that, as to Respondents Jeffrey Beard, Robert A. Barton, and the California Prison Oversight Committee, the Court dismiss the petition with prejudice for lack of subject matter jurisdiction, and as to Respondent Federal Judicial Commission, the Court dismiss the petition without prejudice for failure to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C § 636(b)(1). Within **thirty (30) days** after being served with these Findings and Recommendations, Petitioner Pierce may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may constitute waiver of the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 ((9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 3, 2016**                                               **/s/ Sheila K. Oberto**
                                                                                UNITED STATES MAGISTRATE JUDGE